## UNITED STATES DISTRICT COURT
## IN THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| | § | |
| **v.** | § | **Crim. No. CC-08-4D4** |
| | § | |
| **ROLAND RODELA** | § | |

## ORDER DENYING MOTION TO DISMISS

Pending before the Court is defendant Roland Rodela's Motion to Dismiss the Indictment for Lack of a Speedy Trial. (D.E. 12) On August 1, 2008, the Court received evidence and considered the arguments of the parties on this motion. The Court weighed the factors set forth by the Supreme Court in *Barker v. Wingo* and *Doggett v. U.S.*—the length of the delay, the defendant's diligence in asserting his Sixth Amendment right, the reason for the delay, and prejudice to the defendant caused by the delay. *Barker v. Wingo*, 92 S.Ct. 2182, 2192 (1972); *Doggett v. U.S.*, 112 S.Ct. 2686 (1992).

The Court finds that four years and six months elapsed between Rodela's federal indictment and his arraignment, during which time he was in the custody of Texas Department of Criminal Justice. Because the delay exceeded one year, the Court must analyze the remaining factors set forth in *Barker v. Wingo*. The Court further finds that the defendant was unaware of his indictment on federal charges while he was in state custody and that he diligently asserted his right to a speedy trial when he was paroled from state custody into federal custody and

became aware of the federal charge. The delay in bringing the defendant to trial was caused entirely by the government's negligence, both in failing to locate Rodela and in failing to promptly secure his presence even after locating him. The delay in this case weighs heavily against the government.

The Court finds no actual prejudice to the defendant caused by the delay. Accordingly, the Court must consider whether prejudice can be presumed under the circumstances of this case. *Doggett v. U.S.*, 112 S.Ct. 2686. The Fifth Circuit has observed that "If a case involves neither diligent prosecution nor bad faith delay but instead official negligence, the case occupies a 'middle ground' where the weight assigned to the factor increases as the length of the delay increases." *U.S. v. Serna-Villarreal*, 352 F.3d 225, 230 (5th Cir. 2003). The Court compared the circumstances of this case to those in *Doggett*, *Serna-Villarreal*, and other cases involving government negligence. The Court located no case in the Fifth Circuit in which prejudice was presumed from a delay less protracted than five years. Given that this case is relatively simple and the government has maintained all of its evidence, the Court will not presume prejudice in these circumstances.

For reasons to be further set forth on the record, defendant's Motion to Dismiss (D.E. 12) is DENIED.

So ORDERED this _14_ day of _Aug_, 2008.

HAYDEN HEAD
CHIEF JUDGE